# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHENIE RENEE BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-00739 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| DAVID H. McCORD, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12b6. Docket No. 8. Along with that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 9. As grounds for his Motion, Defendant contends that Plaintiff's Complaint "is completely devoid of any facts for which relief may be granted under a theory of race discrimination." Docket No. 8.

Plaintiff, who is proceeding pro se and in forma pauperis, has filed a letter, which the Court will construe as a Response. Docket No. 10.

Plaintiff alleges racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000, et seq. ("Title VII"). Docket No. 1. Although there are no factual allegations in Plaintiff's Complaint, Plaintiff's Charge of Discrimination avers that Defendant discriminated against her by reducing her hours after she returned from having undergone a medical procedure, and then pretexually terminating her on account of untrue "patient

complaints."[1] Docket No. 2, p. 6, Charge of Discrimination, dated January 16, 2013. Plaintiff seeks:

>a. Back Pay for Hour that were cut from Nov. 19, 2012 [to] January 11, 2013. From 40 Hours to 32 Hours a week.
>
>b. Severance pay for Being a Dependable Employee for 10 years on Time.
>
>c. To Have My Record clear and If any company calls For Employment Verification How Years [*sic*] Employed and the Date started and Ending Date nothing else Because everything that was told to Unemployment office, EECO [*sic*] were un Truth Information.

Docket No. 1 (capitalization original).

Defendant filed the instant Motion and supporting Memorandum arguing that this action should be dismissed because Plaintiff has failed to allege any facts to support that Defendant discriminated against her. Docket Nos. 8, 9. Defendant maintains that Plaintiff has failed to state a claim for which relief can be granted because "Plaintiff's Complaint does little more than identify the parties and describe the relief sought." Docket No. 9. Specifically, with regard to Plaintiff's claim against him, Defendant contends that the "only fact(s) alleged in the Complaint are the Plaintiff's address and the address of Dr. McCord's office, which is not Dr. McCord's actual residential address." *Id.* Defendant argues that, because Plaintiff's Complaint does not contain factual allegations supporting any of the four requisite elements of a race discrimination

---

[1] Plaintiff submitted a copy of her Charge of Discrimination the same day she filed her Complaint in this action. Docket Nos. 1, 2. According to the record, Plaintiff attached the Charge of Discrimination to her Application to Proceed In Forma Pauperis rather than to her Complaint. In view of the fact that Plaintiff is proceeding pro se, the Court will consider the factual allegations in the Charge of Discrimination as if they had been made in the Complaint itself.

claim, this action should be dismissed. *Id.*

The letter Plaintiff filed in Response to the instant Motion, in its entirety, states:

> In the Case Stephenie Renee Blackwell V. David H. McCord the Defendant has filed [a] Motion to have this case dismissed. I'm asking the Courts not to dismiss the case. On the grounds that I was discriminate [*sic*] after I had surgery being out for 6 weeks my hours were cut. Also Janice McCord said that my pay might be cut also. Janice McCord had already hired a new person 2 weeks before I returned back to work. In January 11, 2013 I was hired Janice McCord said that three patient [*sic*] stated I got smart with them. I did not see or speak to the three patients that they claim said this and the Unemployment Awarded me. And that was all Hear Say. I'm asking that the Courts award for the Discrimination and the hours that were cut, also 10 years Severance Pay. Also for the last 4 I had worked the Front Desk with no help after they fired the other in 2009.
>
> Thank You for Your Time.

Docket No. 10.

For the reasons to be discussed below, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

## II. Factual Allegations

Plaintiff's Complaint does not contain any factual allegations or a statement of her claim. *See* Docket No. 1. The allegations of her Charge of Discrimination, in their entirety, are:

> I am a Black female. After returning from a medical procedure, I had my hours reduced and then the Respondent terminated me from the position of Receptionist on January 11, 2013. I was discriminated against and subjected to different terms and conditions of employment because of my race/Black.
>
> I was employed by the Respondent as a Receptionist since 2003. In October 2012, I had a medical procedure and my doctor provided all necessary information including my return to work to Beth Chambers, Office Manager. On November 19, 2012, I returned to work and was called into a meeting with Janice

3

> McCord who advised me that they didn't know if I was coming back and could not afford me and she reduced my hours from 40 hours a week to 32 hours a week. I am aware that Respondent hired Ashley Long (White) 2 weeks before my return. I am also aware that three (3) White employees (Susan, Jenna & Kim) all took medical leave and their hours were not reduced. On January 11, 2013, I was discharged for "patient complaints" which is not true.
>
> I believe that I was discriminated against because of my race/Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

Docket No. 2, p. 6.

## III. Applicable Law and Analysis

### A. Motion to Dismiss: Fed. R. Civ. P. 12b6

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate

4

standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## B. Title VII of the Civil Rights Act of 1964

### 1. Generally

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

5

> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

**2. Prima Facie Case of Discrimination**

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that,

> 1) she is a member of a protected class;

2) she was qualified for her job and performed it satisfactorily;

3) despite her qualifications and performance, she suffered an adverse employment action;[2] and

4) that she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (footnote added).

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated him because of his protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence

---

[2] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then show that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

**C. The Case At Bar**

Plaintiff's Complaint is blank except for the identification of the parties and the relief sought, and is completely devoid of factual allegations or claims. *See* Docket No. 1. Plaintiff's Charge of Discrimination, however, contains Plaintiff's claims that Defendant discriminated against her, and contains allegations that can be viewed liberally as relating to the requisite

elements of a prima facie case of discrimination.[3]  Docket No. 2, p. 6.

In considering a Motion to Dismiss, the Court must accept the allegations of Plaintiff's Complaint (and in this case, her Charge of Discrimination) as true. *See, e.g., Iqbal*, 129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884; *Twombly,* 127 S.Ct. at 1965.  Additionally, because Plaintiff is proceeding pro se, the Court must construe her filings liberally. *See, e.g., Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).  Following these requirements, the Court concludes that Plaintiff has stated a claim upon which relief can be granted.

## VI.  Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

---

[3] Although Plaintiff names "David H. McCord" as the Defendant, the Court takes judicial notice that, in a Bankruptcy petition filed approximately six months before the instant action, Plaintiff listed her employer as "David H. McCord MD PC." Case No. 3:12-bk-11433, United States Bankruptcy Court for the Middle District of Tennessee, Docket No. 1, p. 23.  It seems clear that Plaintiff intended to sue David H. McCord, M.D., PC, and the undersigned will so construe this action.

9

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌_____
E. CLIFTON KNOWLES
United States Magistrate Judge