IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHENIE RENEE BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:13-0739 |
| | ) | Judge Trauger |
| DAVID H. MCCORD, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

On November 22, 2013, the Magistrate Judge issued a Report and Recommendation ("R & R") (Docket No. 11), to which the defendant has filed Objections (Docket No. 14). The Magistrate Judge recommended that the Motion to Dismiss filed by defendant McCord (Docket No. 8) be denied in its entirety.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Defendant McCord objects to the Magistrate Judge's consideration of the plaintiff's EEOC Charge as if it were attached and incorporated into the Complaint. Here, the plaintiff attached her EEOC Charge to her Application to Proceed *In Forma Pauperis* (Docket No. 2) instead of to her Complaint (Docket No. 1). The Magistrate Judge chose to liberally construe

1

these filings by the plaintiff because she is *pro se*, and this approach is well supported by binding case law. (Docket No. 11 at 9) This court chooses to do likewise.

Rule 10(c) of the FEDERAL RULES OF CIVIL PROCEDURE provides, in part, that a writing "that is an exhibit to a pleading is a part of the pleading for all purposes." Moreover, it is well established that "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. . .without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Circ. 2007); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The EEOC Charge should have been attached to the Complaint, and there should have been a reference in the "statement of claim" section of the form Complaint to the EEOC Charge. However, the Complaint and Application to Proceed *In Forma Pauperis* were both filed on the same day, and the court will treat as inadvertent the plaintiff's attaching the EEOC charge to the wrong document. Therefore, the defendant's objection to this approach by the Magistrate Judge is **OVERRULED**.

The defendant's second objection, however, has merit and is hereby **SUSTAINED**. Even construing the EEOC Charge as a part of the allegations of the Complaint, the plaintiff does not allege that similarly situated individuals from an unprotected class who were complained about by patients were treated differently than she was. Therefore, the plaintiff has failed to allege all of the essential elements to support her wrongful termination claim, and the wrongful termination claim is hereby **DISMISSED**. This case will go forward only on the plaintiff's claim that her hours were reduced when she returned from medical leave.

This case is **RETURNED** to the Magistrate Judge for further handling under the original referral Order.

It is so **ORDERED.**

Enter this 25th day of February 2014.

									_____
									ALETA A. TRAUGER
									U.S. District Judge