# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHANIE RENEE BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:13-cv-0739 |
| ) | Judge Trauger |
| DAVID H. MCCORD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On May 9, 2016, the magistrate judge issued a Report and Recommendation (Docket No. 48), to which the plaintiff has filed a document that the court will interpret as timely objections to the Report and Recommendation (Docket No. 51). The Report and Recommendation recommends that the defendant's Motion for Summary Judgment (Docket No. 47) be granted and this case dismissed.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The plaintiff never responded to the defendant's Motion for Summary Judgment, which was filed on January 21, 2016. The case management order entered in this case on June 11, 2015 made clear that responses to summary judgment motions were to be filed with 14 days after the filing of the motion. (Docket No. 38). The record shows that the plaintiff received this case

management order at the same address where she was served with a copy of the Motion for Summary Judgment. (See Docket No. 40, 47). Approximately three and one-half months elapsed between the filing of the Motion for Summary Judgment and the ruling by the magistrate judge thereon, with no response being filed by the plaintiff and no request for an extension of time within which to file such a response. Therefore, David H. McCord's Statement of Undisputed Facts (Docket No. 47-2) was taken as true. Despite no response to the Motion for Summary Judgment being filed by the plaintiff, the magistrate judge, as he must, did an extensive analysis of whether the defendant had met the standard for summary judgment in a 16-page decision, finding that he did.

The plaintiff's objection document is not signed and has attached to it a number of documents that, so far as the court can discern, have never been presented for consideration in this case, which was filed nearly 3 years ago. The presentation of new evidence to the district court that was not presented to the magistrate judge is disfavored. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Performance Autoplex II, Ltd. v. Mid-Continent Cas.*, 322 F.3d 847, 862 (5th Cir. 2003). "It is not in the interest of justice to allow a party to wait until the Report and Recommendation...has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." *Hynes v. Squillace*, 143 F.3d 653, 656 92d Cir. 1998), *cert. denied*, 142 L. Ed. 2d 202 (1998); accord, *Paterson Erson-Leitch Co. v. Mass. Mun, Wholesale Elc. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair

to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge.")

The court in its discretion will not consider the documents presented by the plaintiff at this late date, in an unsigned objection. The plaintiff has had plenty of opportunity to put the necessary facts before the court in the course of the last three years and has failed to do so. For these reasons, her objections are OVERRULED, the Report and Recommendation is ACCEPTED and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby ORDERED that the defendant's Motion for Summary Judgment (Docket No. 47) is GRANTED, and this case is DISMISSED WITH PREJUDICE. This Order constitutes the judgment in this case.

It is so **ORDERED**.

ENTER this 23rd day of June 2016.

_____
ALETA A. TRAUGER
U.S. District Judge